1
2
3
4
5
6
7
8
9
10

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

11

JOSE ALFREDO VENTURA,    ) Case No. SACV 12-1046-AG (JPR)
                  )
12
           Petitioner,  )
                  ) ORDER TO SHOW CAUSE
13
      vs.             )
                  )
14
PEOPLE OF THE STATE OF    )
CALIFORNIA et al.       )
15
                  )
         Respondents.  )
16

17      On June 4, 2012, Petitioner filed a Petition for Writ of

18 Habeas Corpus by a Person in State Custody in the Northern

19 District of California; it was transferred to and filed in this

20 Court on June 26, 2012. Because the Petition is incomplete and

21 has omitted certain necessary information, the Court takes

22 judicial notice under Federal Rule of Evidence 201(b) of

23 Petitioner's docket information on the California Appellate

24 Courts' Case Information website.[1]   Petitioner indicates that he

25

26

27       [1]     Should Petitioner's Petition survive this Order to Show
Cause concerning its timeliness, the Court intends to dismiss it
28 with leave to amend because it is so devoid of factual information
as to provide no plausible claim for relief.

1

was convicted and sentenced sometime in February 1983 and has not
been released from custody. (Pet. at 2.)  An independent search
using the State of California Inmate Locator on the Internet
confirms that Petitioner has been incarcerated since February 15,
1983.[2]  Petitioner apparently did not challenge his conviction or
sentence on direct appeal.[3]  On October 24, 2011, Petitioner
filed a habeas petition in the California Supreme Court, which
was summarily denied on February 29, 2012, with citation to In re
Robbins, 18 Cal. 4th 770, 780, 77 Cal. Rptr. 2d 153, 159-60
(1998).  Petitioner indicates that in that petition he challenged
the trial court's allegedly improper "exercise of d[i]scretion"
in denying his motion to withdraw his guilty plea (Pet. at 4),
which is similar to the claims he raises in the Petition (id. at
6).  Petitioner states that he attempted to withdraw his guilty
plea in February 1993, although this might be a typographical
error for 1983.  (Id. at 4.)

     Under the Antiterrorism and Effective Death Penalty Act of
1996 ("AEDPA"), Petitioner had one year from the date his
conviction became final in which to file a federal habeas
petition.  See 28 U.S.C. § 2244(d).  That statute provides:

---

     [2]   The   Inmate   Locator   is   available   at
http://inmatelocator.cdcr.ca.gov/search.aspx.

     [3]   This Court's review of the California Appellate Courts'
Case Information website reveals a 2005 decision by the court of
appeal denying a direct appeal filed by an individual with the same
name as Petitioner.  See People v. Ventura, No. C045314, 2005 WL
752393, at *1-2 (Cal. Ct. App. Apr. 4, 2005).  That individual
sought to challenge his convictions and five-year sentence based on
conduct in 2002 that took place at a private home in Diamond
Springs, California.  Id.  Petitioner clearly is not the same
person as in that case because he has been in custody since 1983.

(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--

(A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Although Petitioner's one-year limitation period would normally have begun to run after his conviction became final and

1   would have presumably expired sometime in 1984, AEDPA extended
2   the limitation period for those whose convictions became final
3   before its enactment on April 24, 1996, to one year after that
4   date, April 24, 1997. United States v. Gamboa, 608 F.3d 492, 493
5   n.1 (9th Cir.), cert. denied, 131 S. Ct. 809 (2010). Petitioner
6   did not file his federal Petition until June 4, 2012, 15 years
7   after his conviction became final.

8        From the face of the Petition, it does not appear that
9   Petitioner has any basis for contending that he is entitled to a
10  later trigger date under § 2244(d)(1)(B). Petitioner is not
11  contending that he was impeded from filing his federal Petition
12  by unconstitutional state action. Nor does it appear that
13  Petitioner has any basis for contending that he is entitled to a
14  later trigger date under § 2244(d)(1)(C). Petitioner is not
15  contending that any of his claims are based on a federal
16  constitutional right that was initially recognized by the U.S.
17  Supreme Court subsequent to the date his conviction became final
18  and that has been made retroactively applicable to cases on
19  collateral review. Finally, it appears to the Court that
20  Petitioner has no basis for contending that he is entitled to a
21  later trigger date under § 2244(d)(1)(D). Petitioner has failed
22  to show that in spite of due diligence he was unaware of the
23  factual bases of his claims. Indeed, because his claim is that
24  the trial court abused its discretion in refusing to allow him to
25  withdraw his guilty plea in 1993 (or 1983), he presumably has
26  known the factual bases of his claim for two decades or more.

27       Thus, the Petition is time barred unless Petitioner can show
28  entitlement to statutory or equitable tolling. See Patterson v.

4

1   _Stewart_, 251 F.3d 1243, 1246 (9th Cir. 2001).  He has failed to

2   do so.  No basis for statutory tolling under § 2244(d)(2) appears

3   to exist here, as Petitioner apparently did not file a state

4   habeas petition until October 24, 2011, 14 years after the AEDPA

5   deadline had expired.  _See_ _Ferguson v. Palmateer_, 321 F.3d 820,

6   823 (9th Cir. 2003) (holding that § 2244(d) "does not permit the

7   reinitiation of the limitations period that has ended before the

8   state petition was filed," even if state petition was timely

9   under state law).  In any event, the California Supreme Court

10  dismissed Petitioner's habeas petition as untimely by citing

11  _Robbins_, 18 Cal. 4th at 780, and therefore he is not entitled to

12  statutory tolling for that reason as well.  _See_ _Thorson v._

13  _Palmer_, 479 F.3d 643, 644-45 (9th Cir. 2007) (holding that

14  citation to _Robbins_ indicates untimeliness and noting that

15  statutory tolling not available for petitions rejected by state

16  court as untimely).

17      Under certain circumstances, a habeas petitioner may be

18  entitled to equitable tolling.  _See_ _Holland v. Florida_, 560 U.S.

19  ___, 130 S. Ct. 2549, 2560, 177 L. Ed. 2d 130 (2010).  A habeas

20  petitioner is entitled to equitable tolling only if he shows that

21  (1) he has been pursuing his rights diligently and (2) "some

22  extraordinary circumstance stood in his way."  _See_ _Pace v._

23  _DiGuglielmo_, 544 U.S. 408, 418, 125 S. Ct. 1807, 1814, 161 L. Ed.

24  2d 669 (2005).  Petitioner has not even attempted to provide any

25  basis for equitable tolling, and it is hard to imagine a

26  circumstance that could entitle him to such tolling for 15 years.

27  _See_ _Doe v. Busby_, 661 F.3d 1001, 1015 (9th Cir. 2011) (noting

28  that equitable tolling of 20 years "would be difficult to

1 justify").

2      A district court has the authority to raise the statute-of-

3 limitations issue sua sponte when untimeliness is obvious on the

4 face of a petition; it may summarily dismiss the petition on that

5 ground pursuant to Rule 4 of the Rules Governing § 2254 Cases in

6 the U.S. District Courts, as long as the court gives the

7 petitioner adequate notice and an opportunity to respond.  Herbst

8 v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

9      IT THEREFORE IS ORDERED that within 30 days of this Order,

10 Petitioner show cause in writing, if he has any, why the Court

11 should not dismiss this action with prejudice because it is

12 untimely.  If Petitioner intends to rely on the equitable tolling

13 doctrine, he will need to include with his response to the Order

14 to Show Cause a declaration under penalty of perjury stating

15 facts showing that he has been pursuing his rights diligently and

16 "some extraordinary circumstance stood in his way."

17

18

19 DATED: July 12, 2012        _____

20                             JEAN ROSENBLUTH
                               U.S. MAGISTRATE JUDGE

21

22

23

24

25

26

27

28

6