1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

JOSE ALFREDO VENTURA,

               Petitioner,

          vs.

PEOPLE OF THE STATE OF
CALIFORNIA et al.

             Respondents.

) Case No. SACV 12-1046-AG (JPR)
)
)
) ORDER TO SHOW CAUSE
)
)
)
)
)
)

On June 4, 2012, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody in the Northern District of California; it was transferred to and filed in this Court on June 26, 2012. Because the Petition is incomplete and has omitted certain necessary information, the Court takes judicial notice under Federal Rule of Evidence 201(b) of Petitioner's docket information on the California Appellate Courts' Case Information website.[1]   Petitioner indicates that he

---

[1]   Should Petitioner's Petition survive this Order to Show Cause concerning its timeliness, the Court intends to dismiss it with leave to amend because it is so devoid of factual information as to provide no plausible claim for relief.

was convicted and sentenced sometime in February 1983 and has not been released from custody.  (Pet. at 2.)  An independent search using the State of California Inmate Locator on the Internet confirms that Petitioner has been incarcerated since February 15, 1983.[2]  Petitioner apparently did not challenge his conviction or sentence on direct appeal.[3]  On October 24, 2011, Petitioner filed a habeas petition in the California Supreme Court, which was summarily denied on February 29, 2012, with citation to In re Robbins, 18 Cal. 4th 770, 780, 77 Cal. Rptr. 2d 153, 159-60 (1998).  Petitioner indicates that in that petition he challenged the trial court's allegedly improper "exercise of d[i]scretion" in denying his motion to withdraw his guilty plea (Pet. at 4), which is similar to the claims he raises in the Petition (id. at 6).  Petitioner states that he attempted to withdraw his guilty plea in February 1993, although this might be a typographical error for 1983.  (Id. at 4.)

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Petitioner had one year from the date his conviction became final in which to file a federal habeas petition.  See 28 U.S.C. § 2244(d).  That statute provides:

[2]   The Inmate Locator is available at http://inmatelocator.cdcr.ca.gov/search.aspx.

[3]   This Court's review of the California Appellate Courts' Case Information website reveals a 2005 decision by the court of appeal denying a direct appeal filed by an individual with the same name as Petitioner.  See People v. Ventura, No. C045314, 2005 WL 752393, at *1-2 (Cal. Ct. App. Apr. 4, 2005).  That individual sought to challenge his convictions and five-year sentence based on conduct in 2002 that took place at a private home in Diamond Springs, California.  Id.  Petitioner clearly is not the same person as in that case because he has been in custody since 1983.

1       (1)  A 1-year period of limitation shall apply to an

2   application for a writ of habeas corpus by a person in

3   custody pursuant to the judgment of a State court.  The

4   limitation period shall run from the latest of--

5       (A)  the date on which the judgment became

6   final by the conclusion of direct review or the

7   expiration of the time for seeking such review;

8       (B)  the date on which the impediment to

9   filing an application created by State action in

10  violation of the Constitution or laws of the United

11  States is removed, if the applicant was prevented

12  from filing by such State action;

13      (C)  the date on which the constitutional

14  right asserted was initially recognized by the

15  Supreme Court, if the right has been newly

16  recognized by the Supreme Court and made

17  retroactively applicable to cases on collateral

18  review; or

19      (D)  the date on which the factual predicate

20  of the claim or claims presented could have been

21  discovered through the exercise of due diligence.

22      (2)  The time during which a properly filed

23  application for State post-conviction or other collateral

24  review with respect to the pertinent judgment or claim is

25  pending shall not be counted toward any period of

26  limitation under this subsection.

27  Although Petitioner's one-year limitation period would

28  normally have begun to run after his conviction became final and

3

would have presumably expired sometime in 1984, AEDPA extended the limitation period for those whose convictions became final before its enactment on April 24, 1996, to one year after that date, April 24, 1997. <u>United States v. Gamboa</u>, 608 F.3d 492, 493 n.1 (9th Cir.), <u>cert. denied</u>, 131 S. Ct. 809 (2010). Petitioner did not file his federal Petition until June 4, 2012, 15 years after his conviction became final.

From the face of the Petition, it does not appear that Petitioner has any basis for contending that he is entitled to a later trigger date under § 2244(d)(1)(B). Petitioner is not contending that he was impeded from filing his federal Petition by unconstitutional state action. Nor does it appear that Petitioner has any basis for contending that he is entitled to a later trigger date under § 2244(d)(1)(C). Petitioner is not contending that any of his claims are based on a federal constitutional right that was initially recognized by the U.S. Supreme Court subsequent to the date his conviction became final and that has been made retroactively applicable to cases on collateral review. Finally, it appears to the Court that Petitioner has no basis for contending that he is entitled to a later trigger date under § 2244(d)(1)(D). Petitioner has failed to show that in spite of due diligence he was unaware of the factual bases of his claims. Indeed, because his claim is that the trial court abused its discretion in refusing to allow him to withdraw his guilty plea in 1993 (or 1983), he presumably has known the factual bases of his claim for two decades or more.

Thus, the Petition is time barred unless Petitioner can show entitlement to statutory or equitable tolling. See <u>Patterson v.</u>

1   Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).  He has failed to

2   do so.  No basis for statutory tolling under § 2244(d)(2) appears

3   to exist here, as Petitioner apparently did not file a state

4   habeas petition until October 24, 2011, 14 years after the AEDPA

5   deadline had expired.  See Ferguson v. Palmateer, 321 F.3d 820,

6   823 (9th Cir. 2003) (holding that § 2244(d) "does not permit the

7   reinitiation of the limitations period that has ended before the

8   state petition was filed," even if state petition was timely

9   under state law).  In any event, the California Supreme Court

10  dismissed Petitioner's habeas petition as untimely by citing

11  Robbins, 18 Cal. 4th at 780, and therefore he is not entitled to

12  statutory tolling for that reason as well.  See Thorson v.

13  Palmer, 479 F.3d 643, 644-45 (9th Cir. 2007) (holding that

14  citation to Robbins indicates untimeliness and noting that

15  statutory tolling not available for petitions rejected by state

16  court as untimely).

17       Under certain circumstances, a habeas petitioner may be

18  entitled to equitable tolling.  See Holland v. Florida, 560 U.S.

19  ___, 130 S. Ct. 2549, 2560, 177 L. Ed. 2d 130 (2010).  A habeas

20  petitioner is entitled to equitable tolling only if he shows that

21  (1) he has been pursuing his rights diligently and (2) "some

22  extraordinary circumstance stood in his way."  See Pace v.

23  DiGuglielmo, 544 U.S. 408, 418, 125 S. Ct. 1807, 1814, 161 L. Ed.

24  2d 669 (2005).  Petitioner has not even attempted to provide any

25  basis for equitable tolling, and it is hard to imagine a

26  circumstance that could entitle him to such tolling for 15 years.

27  See Doe v. Busby, 661 F.3d 1001, 1015 (9th Cir. 2011) (noting

28  that equitable tolling of 20 years "would be difficult to

1 justify").

2   A district court has the authority to raise the statute-of-

3 limitations issue sua sponte when untimeliness is obvious on the

4 face of a petition; it may summarily dismiss the petition on that

5 ground pursuant to Rule 4 of the Rules Governing § 2254 Cases in

6 the U.S. District Courts, as long as the court gives the

7 petitioner adequate notice and an opportunity to respond.  <u>Herbst</u>

8 <u>v. Cook</u>, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

9   IT THEREFORE IS ORDERED that within 30 days of this Order,

10 Petitioner show cause in writing, if he has any, why the Court

11 should not dismiss this action with prejudice because it is

12 untimely.  If Petitioner intends to rely on the equitable tolling

13 doctrine, he will need to include with his response to the Order

14 to Show Cause a declaration under penalty of perjury stating

15 facts showing that he has been pursuing his rights diligently and

16 "some extraordinary circumstance stood in his way."

17

18

19 DATED: July 12, 2012

20         JEAN ROSENBLUTH
        U.S. MAGISTRATE JUDGE

21

22

23

24

25

26

27

28