I HEREBY CERTIFY THAT THIS DOCUMENT WAS SERVED BY
FIRST CLASS MAIL POSTAGE PREPAID, TO ~~ALL COUNSEL~~ Petitioner
~~(OR PARTIES)~~ AT THEIR RESPECTIVE MOST RECENT ADDRESS OF
RECORD IN THIS ACTION ON THIS DATE.

DATED: 10·29·12

DEPUTY CLERK



FILED - SOUTHERN DIVISION
CLERK, U.S. DISTRICT COURT

OCT 29 2012

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE ALFREDO VENTURA,<br><br>    Petitioner,<br><br>vs.<br><br>PEOPLE OF THE STATE OF CALIFORNIA et al.,<br><br>    Respondent. | Case No. SACV 12-1046-AG (JPR)<br><br>ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, records on file, and Report and Recommendation of the U.S. Magistrate Judge.  On September 21, 2012, Petitioner filed what he styled as "Petitioner's Objection and Points of Authorities in Support of Granting Disposition for Habeas Corpus Pursuant with U.S.C.," which the Court interprets to be his objections to the Magistrate Judge's Report and Recommendation.

    Petitioner, who was convicted and sentenced in 1983 and who challenges the state court's refusal later that year to allow him to withdraw his guilty plea, claims for the first time in the Objections to be entitled to equitable tolling.  He argues:

    Petitioner's claims are and appear that Petitioner has a
    basis to contend that he is entitled to a later trigger

| | |
|---|---|
| 1 | date under [28 U.S.C.] § 2244(d)(1)(B).  Petitioner has |
| 2 | argued that he was impeded f[ro]m filing his federal |
| 3 | Petition due to institutional placement, where |
| 4 | institution remained on total lock down for all Hispanic |
| 5 | inmates, for a period of five months; further more |
| 6 | because of petitioner being from another county and |
| 7 | requiring an interpreter throughout all trial proceeding, |
| 8 | which was the reason for petitioner requiring jail house |
| 9 | legal representation, before understand that he had a |
| 10 | constitutional claim that required his appealing before |
| 11 | the courts.  Petitioner was aware of attorney's |
| 12 | effectiveness prior to the plea and why the trial court |
| 13 | abused its discretion in refusing to allow him to |
| 14 | withdraw his guilty plea in 1983. |

(Objections at 3-4.)

As the Magistrate Judge noted in the Report and Recommendation, the Petition was filed some 15 years after the AEDPA statute of limitations had expired. Thus, the fact that Petitioner's institution was on lockdown for five months cannot justify sufficient equitable tolling to render the Petition timely. Moreover, the mere fact that Petitioner apparently needed assistance from a "jailhouse lawyer" before he realized that he might have a federal habeas claim cannot justify tolling. See Chaffer v. Prosper, 592 F.3d 1046, 1049 (9th Cir. 2010) (no tolling for delay caused by "reliance on [inmate] helpers who were transferred or too busy"); Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) (pro se petitioner's lack of legal sophistication insufficient). Petitioner does not further

explain why he deserves equitable tolling, and the showing quoted above is clearly inadequate. The Court thus accepts the findings and recommendations of the Magistrate Judge.

IT THEREFORE IS ORDERED that the Petition is denied without leave to amend and Judgment be entered dismissing this action with prejudice.

DATED: October 28, 2012

ANDREW J. GUILFORD
U.S. DISTRICT JUDGE